IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROGER A. BREUER                                                                                              PLAINTIFF

vs.                                           Civil No. 3:13-cv-03010

CAROLYN W. COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Roger A. Breuer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed his DIB application on March 29, 2010 and his SSI application on October 27, 2010. (Tr. 11, 132-133). In these applications, Plaintiff alleges being disabled due to epilepsy and back problems. (Tr. 175). Plaintiff alleges an onset date of April 1, 2003. (Tr. 11). These applications were denied initially and again upon reconsideration. (Tr. 72-73). Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 82-91).

On April 27, 2011, this hearing was held in Harrison, Arkansas. (Tr. 29-71). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff, two witnesses for Plaintiff, and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* At this hearing, Plaintiff testified he was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 33). Plaintiff also testified he had obtained his GED. (Tr. 33-34).

After this hearing, on November 10, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 8-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 30, 2008, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: seizure disorder, mild scoliosis, pain disorder, disorder of written expression, and borderline personality disorder. (Tr. 13-14, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

After careful consideration of the entire record, I find that the claimant has the

2

> residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. Further, the claimant is limited to work where the complexity of tasks is learned and performed by rote with few variables and use of little judgment and where the supervision required is simple, direct and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21-22, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 21, 62-70). Considering his RFC, the VE testified Plaintiff retained the capacity to perform his PRW as a Roller (medium exertional-level work). *Id.* Based upon this testimony, the ALJ found Plaintiff retained the capacity to perform this PRW. (Tr. 21-23, Finding 6). Because Plaintiff retained the capacity to perform this PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 20, 2008 through the date of his decision or through November 10, 2011. (Tr. 23, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ"s unfavorable decision. (Tr. 7). On November 30, 2012, the Appeals Council denied this request for review. (Tr. 1-3). On January 14, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 11, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 7-13. Specifically, Plaintiff claims the following: (A) the ALJ erred in his RFC determination; (B) the ALJ erred in his evaluation of Listing 11.03 (Epilepsy); and (C) the ALJ's disability determination is not supported by substantial evidence in the record. The Court will address each of the arguments Plaintiff has raised.[2]

   A.   **RFC Determination**

Plaintiff raises two claims related to the ALJ's RFC determination. ECF No. 11 at 7-9. First, Plaintiff claims the ALJ erred in considering the consultative examination completed by "the ALJ's own examiner" Dr. Stephen R. Harris, Ph.D. (Tr. 443-447). Dr. Harris examined Plaintiff on August 10, 2011. *Id.* After examining Plaintiff, he diagnosed him with "pain disorder associated with both psychological factors and general medical condition." (Tr. 446). Dr. Harris also noted

---

[2] However, because Plaintiff's third (C) argument re-states the issues raised in Plaintiff's first (A) and second (B) arguments, the Court will not address this third argument.

Plaintiff was able to take care of his own personal needs, could drive and find his way on a familiar route, and could perform his own household chores. (Tr. 443-447).

In his opinion, the ALJ thoroughly discussed Dr. Harris's findings. (Tr. 16-21). Indeed, the ALJ even relied upon Dr. Harris's findings in assessing Plaintiff's RFC: "*considering Dr. Harris' findings (diagnostic test results)*, the extent to which the claimant's physical symptoms may interfere with his mental functioning, and giving the claimant considerable benefit of doubt, I find that the claimant is limited to unskilled work as defined in the residual functional capacity." (Tr. 21) (emphasis added). Thus, it appears the ALJ properly considered (even adopted) Dr. Harris's findings. Accordingly, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims the ALJ's RFC assessment "fails to account for the fact that this man [Plaintiff] is a liability to any employer" because of his seizures. ECF No. 11 at 9. In making this argument, Plaintiff cites no caselaw or legal authority for his argument that his alleged seizures cause him to be disabled because no employer will hire him. *Id.* Further, even assuming this were true and Plaintiff could demonstrate he was stigmatized by his purported seizure disorder, the issue of whether Plaintiff would actually be hired if he applied for work is not relevant to the determination of disability under the Social Security Act. *See* 42 U.S.C. § 423(d)(2)(A) (defining "substantial gainful activity" as "work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work"). Accordingly, the Court cannot find the ALJ erred in assessing Plaintiff's RFC.

### B.     Listing 11.03 (Epilepsy)

Plaintiff claims his seizure disorder is "functionally equivalent" to Listing 11.03 for Epilepsy. ECF No. 11 at 9-11. In making this argument, Plaintiff merely states the standard for listing-level

epilepsy under Listing 11.03 but does not demonstrate how he meets those requirements. Plaintiff has the burden of demonstrating his seizures are of listing-level severity. *See Sullivan v. Zebley,* 493 U.S. 521, 530-31 (1990). In his briefing, Plaintiff provides no analysis of the law or facts demonstrating his seizures meet the requirements of Listing 11.03. ECF No. 11 at 9-11. By providing no argument demonstrating his seizures meet the requirements of Listing 11.03, Plaintiff has not met his burden. Because the Court finds Plaintiff has not met that burden, the Court need not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings, where the appellant provided no analysis of the relevant law or facts).

　　As a final point, the Court notes that Listing 11.03 requires demonstration of seizures occurring "more frequently than once weekly in spite of at least 3 months of prescribed treatment." Here, Plaintiff has not made a demonstration that his purported seizures occur that frequently. Further, in direct contradiction to his claim that he experiences these frequent seizures, Plaintiff testified during the administrative hearing in this matter that he is able to drive on a daily basis. (Tr. 49). He also testified that he told his doctor he was driving on a daily basis and these seizures do not interfere with his driving. *Id.* The ALJ referenced this fact in his opinion: "I also note that the claimant continues to drive on a daily basis and asserts that his seizures do not interfere with this activity (Testimony). I find it difficult to reconcile this assertion with his allegation that he experiences up to 10 petit mal seizures per day and up to 4 grand mal seizures per year." (Tr. 17). Accordingly, the ALJ's finding that Plaintiff's seizures do not meet the requirements of Listing 11.03 is supported by substantial evidence in the record.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of April 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE